UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                          :

INSURED ADVOCACY GROUP, LLC,        :

               Plaintiff,      :

        -v-               :          24-CV-7590 (JMF)

                          :

DISASTER SOLUTIONS, LLC et al.,     :          ORDER

              Defendants.    :

                          :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

Plaintiff Insured Advocacy Group, LLC ("Plaintiff LLC") brings this action against

Defendants Disaster Solutions, LLC ("Defendant LLC") and Derek Ford, invoking the Court's

subject matter jurisdiction on the ground of diversity of citizenship.  *See* 28 U.S.C. § 1332.  A

complaint that fails to adequately allege the parties' citizenship does not properly invoke a

federal court's diversity jurisdiction.  *See, e.g., Leveraged Leasing Admin. Corp. v. PacifiCorp

Capital, Inc.*, 87 F.3d 44, 47 (2d Cir. 1996).  The allegations of citizenship in the Complaint fall

short in at least two respects.

First, it is well established that a limited liability company ("LLC") is deemed to be a

citizen of each state of which its members are citizens.  *See, e.g.*, *Handelsman v. Bedford Vill.

Assocs. L.P.*, 213 F.3d 48, 51-52 (2d Cir. 2000); *see also Altissima Ltd. v. One Niagara LLC*, No.

08-CV-756S(M), 2010 WL 3504798, at *2 (W.D.N.Y. Sept. 2, 2010) (noting that every other

Court of Appeals to have considered LLC citizenship has held that an LLC has the citizenship of

all of its members).  Thus, a complaint premised upon diversity of citizenship must allege the

citizenship of natural persons who are members of an LLC and the place of incorporation and

principal place of business of any corporate entities that are members of the LLC.  *See*

*Handelsman*, 213 F.3d at 51-52; *see also, e.g.*, *In re Bank of Am. Corp. Sec., Derivatives, and ERISA Litig.*, 757 F. Supp. 2d 260, 334 n.17 (S.D.N.Y. 2010).   This includes the citizenship of any members of an LLC or the partners of any Limited Partnership ("LP") that are themselves members of the LLC.  *See Moreno v. NFI Interactive Logistics, LLC*, No. 23 CIV. 5968 (JHR), 2024 WL 838517, at *2 (S.D.N.Y. Feb. 28, 2024) ("An LLC with a partnership as its sole member is a citizen of every state of which [the member's] partners are citizens." (cleaned up)).

Here, the Complaint alleges that "[the] membership interests of [Plaintiff LLC] are owned by Schroder FOCUS Holdings, L.P.," an LP that "is domiciled in and is a citizen of" New York.  *See* ECF No. 1 ("Complaint") ¶ 5.  The Complaint alleges that "[n]one of the partners or owners of FOCUS are domiciled in Indiana," but it neglects to affirmatively allege the citizenship of each partner of the LP that owns Plaintiff LLC.  *Id.*  Such allegations are insufficient, because a party's citizenship, including the citizenship of any LLC members and LP partners, "must be affirmatively pled."  *Prospect Funding Holdings, LLC v. Fennell*, No. 15-CV-4176 (LLS), 2015 WL 4477120, at *1 (S.D.N.Y. July 15, 2015); *see Flemming v. Port Auth. of N.Y. & N.J.*, No. 21-CV-1112 (BMC), 2021 WL 878558, at *1 (E.D.N.Y. Mar. 9, 2021).

Second, the Complaint alleges that "the managing member of [Defendant LLC] is . . . a citizen of Florida."  *See* Complaint ¶ 6.  But the Complaint does not allege that "the managing member" is the *sole* member of Defendant LLC.  Nor does it allege the citizenship of any other member of Defendant LLC.  Therefore, the Court is unable to evaluate whether the Complaint adequately alleges the citizenship of every constituent person or entity comprising Defendant LLC.  *See e.g., United States Liab. Ins. Co. v. M Remodeling Corp.*, 444 F. Supp. 3d 408, 410 (E.D.N.Y. 2020) ("[A] plaintiff must allege the identity and citizenship of [the LLC's] members,

proceeding up the chain of ownership until it has alleged the identity and citizenship of every

individual and corporation with a direct or indirect interest in the LLC.").

In light of the foregoing, it is hereby ORDERED that, on or before **October 22, 2024**,

Plaintiff shall amend its Complaint to allege the citizenship of each constituent person or entity

comprising both Plaintiff LLC and Defendant LLC as well as the citizenship of all individual

parties.  If, by that date, Plaintiff is unable to amend the Complaint to truthfully allege complete

diversity of citizenship, then the Complaint will be dismissed for lack of subject matter

jurisdiction without further notice to either party.

SO ORDERED.

Dated: October 15, 2024
   New York, New York               _____
                     JESSE M. FURMAN
                  United States District Judge